IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SUSAN MARIE HUNTER,

    Plaintiff,

v.                                            CASE NO. 1:15-cv-276-MP-GRJ

STATE OF FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case on December 18, 2015, by filing a complaint under 28 U.S.C. § 1331. (ECF No. 1.)  The Court previously directed Plaintiff to file an amended complaint and either pay the $400.00 filing fee or file a motion to proceed *in forma pauperis.* Rather than comply, Plaintiff has ignored the Court's directives and instead has filed a series of documents, which fail to comply, and seek to satisfy the filing requirement by filing a personal bond. The latest filings pending before the Court are  ECF No. 20, Plaintiff's "Order to Jessica J. Lyublanovits, clerk of court," and ECF No. 21, Plaintiff's "Writ of Error." For the reasons discussed below, the Court concludes that Plaintiff has failed

to show good cause for failing to comply with the Court's orders and has failed to prosecute this action. Therefore, this action should be dismissed for failing to obey a court order and for failing to prosecute this action.

## Discussion

Plaintiff, proceeding *pro se*, alleges in her Complaint that Defendant State of Florida deprived her of her rights under color of law, conspired against her rights, had a pattern and practice of doing so, and committed a Racketeer Influenced and Corrupt Organizations ("RICO") Act violation. (ECF Nos. 1–2.) Plaintiff claims that on October 17, 2015, she was stopped while she was driving her car and assaulted by an officer. Plaintiff asserts that she did not need a driver's license because she was driving in her private car not for business purposes. Plaintiff offers no other facts, nor does she suggest what relief she seeks, and instead presents a lengthy piecemeal legal argument.

Plaintiff's complaint was not filed on the proper court-approved civil rights form and Plaintiff only paid a partial filing fee of $5.00. (ECF Nos. 1,3.) Consequently, the Court explained in its December 22, 2015 order that the proper pro se filing form includes questions eliciting necessary information to evaluate Plaintiff's complaint. (ECF No. 7.) The Court further

advised Plaintiff that a party filing a civil case must either pay the full $400.00 filing fee or file a motion for leave to proceed as a pauper. The Court directed the Clerk to refund Plaintiff's $5.00 partial filing fee, directed Plaintiff to file an amended complaint using the appropriate form, and either pay the $400.00 filing fee or move for leave to proceed as a pauper by January 21, 2016.[1]

Instead of complying with the Court's order Plaintiff filed on January 12, 2016, a document entitled "Notice and Demand of Removal of Case to US District Federal Court in the Nature of an Affidavit," asserting that she was removing her case to federal court and that she does not have to pay the $400.00 filing fee. (ECF No. 8.)

On January 13, 2016, the Court explained that it was unclear what case, if any, Plaintiff was attempting to remove to federal court. (ECF No. 9.) Further, the Court reminded Plaintiff that she had failed to file her amended complaint and either pay the $400.00 filing fee or move for leave to proceed as a pauper as directed. Accordingly, the Court ordered Plaintiff to show cause by February 12, 2016 as to why her case should not be

---

[1] The Court refunded Plaintiff's $5.00 partial filing fee on January 8, 2016. (ECF No. 19.) As of the date of this Report and Recommendation, however, the refund check has not cleared.

dismissed for failure to comply with an order from the Court and for failure to prosecute.

Plaintiff then filed a first amended complaint on February 4, 2016, naming the State of Florida and nine additional parties as defendants. (ECF No. 10.) Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (ECF No. 11.) Plaintiff's motion, however, was incomplete. Plaintiff completed half of the application and failed to answer questions 5–8, instead referring to an attached memorandum of law in which she asserted that she is a sovereign citizen and did not have to pay court fees or costs.

On February 8, 2016, the Court explained that responses to these questions are necessary to determine whether the motion for leave to proceed in forma pauperis should be granted. (ECF No. 13.)  Although Plaintiff asserted that she is a sovereign citizen, the Court reminded her that she is subject to the rules of this Court and the statutes which permit indigent individuals to proceed *in forma pauperis*, as well as the applicable federal laws that impose filing fees on litigants.  The Court again ordered Plaintiff to file an amended motion to proceed *in forma pauperis* or pay the $400.00 filing fee by February 29, 2016, failing which the case would be

dismissed for failure to prosecute and failure to follow a Court order. (*Id.*)

Again, instead of complying with the Court's order, on February 23, 2016, Plaintiff filed a "Bond for Fees" and a "Notice of Writ of Error." (ECF Nos. 14 &15.) Plaintiff enclosed what purported to be a bond for the Court's $400.00 filing fee, which was nothing more than a sworn statement saying the Court can sell her bond—i.e., sworn statement—if she defaults on a required obligation or lawfully owes fees.

On February 25, 2016, the Court informed Plaintiff that she must pay the fees as previously instructed by the Court on three separate occasions and that she cannot file a bond instead of paying the $400.00 filing fee. (ECF No. 16.)  The Court provided Plaintiff with one final opportunity to either pay the $400.00 filing fee or file an amended motion for leave to proceed *in forma pauperis* by March 17, 2016.  The Court again reminded Plaintiff that failure to comply with the Court's order would result in the dismissal of her case for failure to prosecute and failure to follow a Court order. (*Id.*)

Undeterred, instead of complying with the Court's order, Plaintiff filed a "Writ of Error" on March 7, 2016. (ECF No. 17.)  In the document Plaintiff asserts that she tendered the required payment with the post office money

order she provided and that her bond was received by the clerk as security. (*Id.*) The Court explained to Plaintiff that the docket reflects that the Court never received the money order. (ECF No. 18.) The Court gave Plaintiff one final opportunity to comply.

Plaintiff has now filed two documents in response to the Court's order, neither of which complies with the Court's order and each of which demonstrates that Plaintiff has no intention of proceeding with this action but rather is using this action as an opportunity to advance her own agenda.

The two documents are: (1) "Order to Jessica J. Lyublanovits, clerk of court," and (2) "Writ of Error." (ECF Nos. 20 & 21.) Each of these filings contains utter nonsense. In these filings Plaintiff alleges that the Clerk of Court has refused to record Plaintiff's documents, which constitutes criminal conduct. (ECF No. 20.) Plaintiff also includes discovery of accounting, an invoice for damages from various alleged torts, and a receipt for payment from the Court for her $5.00 initial partial filing fee. (ECF Nos. 20 & 21.)

Plaintiff's failure to comply with multiple Court orders demonstrates willful contempt warranting dismissal of her case. A district court has

inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite clear directives during the course of the last three months either to pay the $400.00 filing fee or file an amended motion for leave to proceed *in forma pauperis*, Plaintiff refuses to do so and instead continues to file legally insufficient, incoherent, and non-responsive documents. Plaintiff's refusal to comply with the Court's five orders during the course of three months, and instead filing nonsensical documents, has wasted the Court's scarce and valuable resources and resulted in a case that has not advanced past the most basic filing stage because of Plaintiff's refusal to pay the filing fee or file the required motion and financial information so that the Court can determine whether Plaintiff should be permitted to proceed *in forma pauperis.* The Court has no choice but to recommend

that this action be dismissed for failure to comply with an order of the Court and for failure to prosecute this action.

Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to comply with court orders and for failure to prosecute this action.

**IN CHAMBERS**, this 5th day of April, 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**